IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

PETER YUD
Defendant.

CRIMINAL CASE NO. CM #560-11

DECISION AND ORDER FOR
DISMISSAL WITHOUT PREJUDICE
(*Rasauo II*)

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant is represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the memoranda of points and authorities renders the following decision without need for oral argument.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

The following facts are not in dispute. Defendant was arrested on August 5, 2010, and given a notice to appear (NTA) on July 27, 2011. On May 4, 2011, the Complaint was filed and a Summons was issued on May 16, 2011, commanding the defendant to appear for an arraignment scheduled for June 15, 2011. On June 15, 2011, the defendant did not appear and

---

[1] This holding is hereinafter referred to as the "60 day rule."

the Magistrate Court recommended a Summons be re-issued for July 20, 2011. Defendant again did not appear on July 20, 2011, and once again the Magistrate Judge recommended reissuance of a Summons for September 21, 2011. Defendant appeared on the NTA date of July 27, 2011. He did not see his name on the arraignment calendar, and was told by the courtroom prosecutor to go to the Attorney General's Office to discuss the matter. Hereafter, the facts are disputed.

Defendant states that he was told by personnel of the Office of the Attorney General that he "was a free man, that he was clear, and that he needn't worry anymore about the case." The Attorney General disputes these facts as defendant was already charged as of May 4, 2011. The Marshall's records indicate that all Summonses for arraignment were non-service on the defendant. Nonetheless, a bench warrant issued on September 26, 2011. The defendant was arrested, and the warrant was returned on March 12, 2012, at which time the defendant was arraigned. After three hundred and fifty-eight days (358) had passed from the filing of the Complaint, Defendant appeared on the return of warrant, was arraigned and appointed counsel on March 12, 2012, which is more than sixty (60) days after the Complaint was filed.

Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See e.g. People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Since the onus is on all judicial officers, in addition to the prosecuting attorneys and the staff, to ensure that a defendant is promptly arraigned, the Court holds that the delay created by the Court scheduling the arraignment date after more than sixty (60) days had passed from the filing of the Complaint is not good cause, nor is the alleged misinformation passed onto the defendant by staff of the Attorney General's Office just grounds for good cause. The Defendant was not promptly arraigned; therefore, this case must be dismissed. *Rasauo*, 2011 Guam 14.

Lastly, the Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's prior argument that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires

a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice.'" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[2]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong

---

[2] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice. Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

There are three hundred and fifty-eight (358) days between the filing of the Complaint and Defendant's arraignment. Since there is no good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is **GRANTED** without prejudice.

**IT IS SO ORDERED** MAY 2 5 2012 , 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam.

MAY 2 5 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam